United States Court of Appeals
Fifth Circuit

**F I L E D**

July 6, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 04-10277
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BRANDON M. HOLLYWOOD, also known as Swap,
also known as Earl,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
(USDC No. 3:03-CR-78-13-N)

_____

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On March 28, 2005, the Supreme Court granted Hollywood's petition for a writ of certiorari, vacated the prior judgment of this court, and remanded this appeal to this court for "consideration in light of United States v. Booker, 543 U.S.___ [, 125 S. Ct. 738] (2005)." In its remand order the Supreme Court did

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not specify which of the two majority opinions set forth in Booker was the basis for its remand decision. The Supreme Court did make clear in its Booker decision that both opinions would be applicable to all cases pending on direct review or not yet final as of January 12, 2005. See Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Hollywood's appeal satisfies those conditions.

In his original appeal to this court, Hollywood claimed two grounds of error: first, erroneous denial of his motion to withdraw his guilty plea; and second, his assertion that the district court erred in fixing his sentence as a career offender. Nothing in Booker addresses either of these claims of error, and Hollywood failed to object in the district court on either of the grounds addressed in Booker, i.e., (i) a Sixth Amendment violation resulting from an enhancement of a sentence based on facts (other than a prior conviction) found by the sentencing judge, which were not admitted by the defendant or found by the jury; or (ii) that the Sentencing Guidelines were unconstitutional because they were mandatory and not advisory. Consequently, we review for plain error. Because the district court did not enhance Hollywood's sentence on the basis of any facts found solely by the court, we conclude that Booker's Sixth Amendment holding is not applicable to this case. However, under the Booker holding that the Guidelines are to be advisory and not mandatory, there is error in this case because the district court viewed and acted under the Sentencing

2

Guidelines as mandatory and not discretionary.  Applying our plain error analysis, we conclude: (1) there was error because the district court operated under a mandatory scheme and not an advisory scheme; and (2) such error is now plain under <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997)(holding it is enough that error be plain at the time of appellate review).  However, under the third prong of our plain error methodology, i.e., whether the error affects substantial rights, it is Hollywood's burden to show that, but for the error of acting on the premise that the Guidelines are mandatory and not advisory, the district court would have made a different decision.  In *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005), we said that "the pertinent question is whether [the defendant] demonstrated that the sentencing judgeSSsentencing under an advisory scheme rather than a mandatory oneSSwould have reached a significantly different result."  That is, the plain error standard places the

> burden of proof [on the defendant] and re-
> quires "the defendant to show that the error
> actually did make a difference:  if it is
> equally plausible that the error worked in
> favor of the defense, the defendant loses; if
> the effect of the error is uncertain so that
> we do not know which, if either, side it
> helped the defendant loses."

*Id.* (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005)).

There is nothing in the record that supports the proposition

that the district court, if given the opportunity to treat the Guidelines as discretionary only, would likely have imposed a different sentence. The only remarks of the district court at sentencing demonstrate that the court considered the objectives of sentencing identified in subsections (A)-(D) of 18 U.S.C. § 3553(a)(2). Accordingly, we determine that Hollywood has failed to satisfy the third prong of our plain error analysis, i.e., that the sentence imposed by the district court violated his substantial rights.

We conclude, therefore, that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case. We therefore affirm the conviction and sentence as set by the trial court. AFFIRMED.